Myra Jones State Representative 2001 North Tyler Little Rock, Arkansas 72207
Dear Representative Jones:
This is in response to your letter wherein you requested the opinion of the Attorney General concerning the following questions:
 1. Act 889 of 1985 provides that the overtime exclusion does not apply to a benefit computed at any time in the salary year prior to the effective date of this act. We were concerned as to whether or not "salary year" referred to the fiscal year of a city or whether it referred to a 12-month period focusing on the passage of the act. We would appreciate clarification regarding the time frame intended by this statement.
 2. At this point, the City of Little Rock does not make contributions to the Police Pension Fund when officers are suspended from work and do not receive pay. Are such contributions to the Pension Fund required by law?
 3. The City of Little Rock does not currently pay 10 percent of its fines and forfeitures into the Police Pension Fund. Several members have indicated that legislation passed in the last session of the General Assembly required such payment. Can you advise as to whether or not this is the case?
Your first question is an apparent reference to Ark. Stat. Ann. 19-1809 (Cum. Supp. 1985) which states in pertinent part:
 . . . Provided, that the overtime exclusion shall not apply to a benefit computed at any time on a salary year prior to the effective date (June 28, 1985) of this Act. . . .
Presumably each police officer would have an anniversary date of employment which would provide a basis for increases in salary and other benefits. This of course would depend on each individual police department's method of wage and salary administration. Since the reference in the statute is to salary year it would not appear that the term would encompass fiscal year but rather that period of time which begins with each police officer's anniversary date of employment and ends twelve months later.
In response to your second question, it would not appear that the City would be required to make contributions to the Police Pension Fund during the period in which a policeman was suspended from work and not receiving pay.
Nothing in the 1985 session of the Arkansas General Assembly revoked the requirement that cities pay a percentage of fines and forfeitures into the Police Pension Fund; however, previous enactments required that cities add to the Police Pension Fund an amount equal to 10 percent of all fines and forfeitures collected by the police department of such city for violation of city ordinances or State law.
The foregoing opinion which I hereby approve was prepared by Special Assistant Attorney General George A. Harper.
Sincerely,
Steve Clark Attorney General
JSC:GAH:jk